Publico *v.* Building Inspector of Quincy.

ANGELINA PUBLICO *vs.* BUILDING INSPECTOR OF QUINCY
& another.

Norfolk.    May 7, 1957. — June 3, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Equity Pleading and Practice,* Declaratory proceeding, Taking bill for
confessed, Waiver, Bill. *Zoning. Estoppel. Waiver.*

An interlocutory decree taking for confessed the bill in a suit in equity
for declaratory relief merely established the facts well pleaded in the
bill and left open the question of the proper final decree thereon.
[153]

Defendants appearing in a suit in equity, by not answering and by sub-
mitting to a decree taking the bill for confessed, did not waive any
right to question the sufficiency of the allegations in the bill.    [153, 155]

A city lot forty-five feet wide and containing 5,175 square feet and de-
scribed in a deed recorded prior to the effective date of the city's
zoning ordinance would be subject to the "minimum lot requirements"
of the ordinance if such requirements were that "the minimum lot
area shall be 4,500 square feet and the minimum lot width shall be
50 feet . . . . These minimum lot requirements . . . shall not apply
to lots of smaller area which, prior to the effective date of this . . .
[ordinance] are shown as such by . . . deed . . . duly recorded."
[154–155]

A bill in equity by a landowner against a city and its building inspector
for a declaratory decree under G. L. (Ter. Ed.) c. 231A, merely alleg-
ing that a "controversy" as to the interpretation of a certain section
of the city's zoning ordinance existed but not setting forth the terms
of that section or specifying what was in controversy, would be in-
sufficient to support a specific declaratory decree.    [155]

A suit in equity by the owner of a lot in a city under G. L. (Ter. Ed.)
c. 231A for a declaratory decree as to whether her lot was subject to
the "minimum lot requirements" of the zoning ordinance, which was
brought after she had applied for and been denied a variance from
such requirements by the zoning board of appeals, was not barred on
the ground that the plaintiff had mistaken her remedy and should
have proceeded by a suit in equity under c. 40A, § 21, inserted by
St. 1954, c. 368, § 2, by way of appeal from the decision denying the
variance.    [155]

The owner of a lot in a city was not estopped from maintaining a suit in
equity for a declaratory decree as to whether her lot was subject to
the "minimum lot requirements" of the city's zoning ordinance by
the fact that she had applied for and been denied a variance from
such requirements by the zoning board of appeals.    [155]

BILL IN EQUITY, filed in the Superior Court on September 4, 1956.

The suit was heard by *Rome*, J.

*Douglas A. Randall*, City Solicitor, for the defendants.

*Henry H. Chmielinski, Jr., & Samuel W. Gaffer*, for the plaintiff, submitted a brief.

WILKINS, C.J.   The owner of a parcel of land in Quincy brings this bill against the city and its building inspector to obtain a decree declaratory of her rights under the city's zoning ordinance.   The defendants entered an appearance, but filed no answer, and the bill was taken pro confesso against them.   A final decree was entered declaring that the plaintiff's parcel is not affected by the minimum lot requirements of the zoning ordinance, and ordering that a building permit issue.   The defendants appealed.

"The interlocutory decree taking the bill for confessed did not ensure a decree for the plaintiff.   It only established as true the facts properly pleaded, and required the entry of whatever decree those facts demanded." *Mayor of Cambridge* v. *Dean*, 300 Mass. 174, 175.   *Matek* v. *Matek*, 318 Mass. 677, 679.   *Merchants National Bank* v. *Morrissey*, 329 Mass. 601, 603.   This rule resembles that in cases where, after hearing on the merits, there is no report of the evidence and no findings of the material facts.   In such cases the only question presented is whether as matter of law the decree could have been entered on the pleadings. *Levinson* v. *Connors*, 269 Mass. 209.   *Novick* v. *Novick*, 299 Mass. 15.   *Smith* v. *Wheeler*, 326 Mass. 223, 225.   But there is an important difference which is pertinent here. The defendants have not waived a defence which would be waived by proceeding to hearing without raising it.

The allegations of the bill are that the plaintiff owns the parcel of land, described by metes and bounds, which is forty-five feet wide and one hundred fifteen feet long, and contains 5,175 square feet; that the parcel was conveyed as a building lot by Mary L. Verkampen to Harold Brooks, the "respondent's" (*sic*) predecessor in title, by deed dated August 18, 1923, and duly recorded; that the conveyance

was made prior to July 1, 1943, the date of enactment of the zoning ordinance; that the plaintiff applied for a permit to build and was informed by the defendant inspector that a variance was necessary under the zoning ordinance, particularly § 17 (e); that the plaintiff applied to the zoning board for a variance, which was refused, from which an appeal was taken to the zoning board of appeals, where a variance was again refused; and that a controversy exists as to the interpretation of § 17 (e). The bill does not set forth the wording of § 17 (e) or specify what is in controversy.

The final decree, after reciting that the case was "heard on a final decree and was argued by counsel," and that the plaintiff is the owner of the land, which is forty-five feet wide and contains 5,175 square feet, went on to say: "Section 17 subsection (e) of the zoning ordinances of the city of Quincy, effective July 1, 1943, provides as follows: 'Minimum lot requirements. For single dwellings hereafter erected the minimum lot area shall be 4500 square feet and the minimum lot width shall be 50 feet . . . . These minimum lot requirements for buildings shall not apply to lots of smaller area which, prior to the effective date of this chapter are shown as such by plan, deed or other instrument duly recorded in the registry of deeds for the county of Norfolk or the Norfolk registry district of the Land Court; provided, however, that any buildings to be erected thereon shall conform to all other provisions of this chapter and chapter 4 of this revision relative to buildings.'" The decree declared that the deed from Verkampen to Brooks being duly recorded prior to the effective date of the zoning ordinance, "the minimum lot requirements thereof are not applicable"; and ordered that a permit to build be issued without requiring any variance.

On its face, the decree is inconsistent with the ordinance as quoted. The established minimum lot area for single dwellings is 4,500 square feet, whereas the plaintiff's lot contains 5,175 square feet. To be sure, the minimum lot width is fifty feet while the plaintiff's lot width is forty-five feet. But the ordinance, as quoted, makes an excep-

tion only of "lots of smaller area" and not those of lesser width. We have no choice but to reverse the decree.

General Laws (Ter. Ed.) c. 231A, § 1, inserted by St. 1945, c. 582, § 1, requires that there be "an actual controversy . . . [which] is specifically set forth in the pleadings." This requirement may be waived by answering and proceeding to a hearing on the merits without raising it. *Pitman* v. *J. C. Pitman & Sons, Inc.* 324 Mass. 371, 373–374. The question will arise on rehearing whether the general allegation of the bill that there is a controversy under § 17 (e) of the zoning ordinance is sufficient to permit a specific decree without the taking of evidence as to the contents of § 17 (e). See *Cerwonka* v. *Saugus*, 316 Mass. 152, 153; *Nigro* v. *Jones*, 332 Mass. 741, 743. We think that it will be open to the defendants to raise this point, and that the allegations of the bill should be made specific. See *Thomson* v. *Wooster*, 114 U. S. 104, 111. The need for clarification is shown by the error apparent in the decree that the minimum lot requirements do not apply.

The defendants argue that the plaintiff has mistaken her remedy, and should have proceeded under G. L. (Ter. Ed.) c. 40A, § 21, inserted by St. 1954, c. 368, § 2, providing an appeal to the Superior Court from a decision of a board of appeals. This contention cannot be upheld. The plaintiff is seeking a declaratory decree as to whether her lot is subject to the zoning ordinance. If she is correct — and we have no way of knowing from this record whether she is or not — she would not need a variance, but would be entitled to the permit.

There is no merit in the further contention that an estoppel arose against the plaintiff because she followed the suggestion, sound or not, of the defendant inspector that she apply for a variance.

The final decree is reversed, and the case is to stand for further proceedings not inconsistent with this opinion.

*So ordered.*