ALEXANDER SMITH & others *vs.* BOARD OF APPEALS OF PLYMOUTH & others.

Plymouth.    December 8, 1959. — January 6, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Zoning. Equity Jurisdiction*, Zoning, Vexatious litigation. *Board of Appeals. Notice. Equity Pleading and Practice*, Parties, Bill.

Landowners in the neighborhood of a tract of land in a town could not maintain a suit in equity against the town's zoning board of appeals to enjoin the board from acting in accordance with its statutory duty under G. L. c. 40A on repeated applications for special permits by the owners of the tract. [232]

No impropriety under G. L. c. 40A, § 17, was shown by a bill in equity alleging that a town's zoning board of appeals published a notice of a

hearing in a newspaper in a nearby city but not alleging that that newspaper was not "of general circulation" in the town.  [232]

The allegations of a bill in equity did not show that the owners of a tract of land in a town, by successive applications to the town's zoning board of appeals for special permits, had abused their right of application.  [233]

Following a mandamus proceeding by landowners in the neighborhood of a tract of land in a town, in which the owners of the tract intervened and the writ issued commanding the selectmen of the town to enforce its zoning by-law with respect to the tract, and issuance of an order by the selectmen to the owners of the tract in compliance with the writ, an independent suit in equity by the neighboring landowners, wherein the selectmen were not joined as parties, seeking in effect to enforce the zoning by-law by enjoining the owners of the tract from violating the selectmen's order could not be maintained as a proceeding ancillary to the mandamus proceeding.  [233–234]

A bill in equity by landowners in the neighborhood of a tract of land in a town seeking against the owners of the tract relief in effect enjoining them from violating the town's zoning by-law and also seeking to enjoin the town's zoning board of appeals from acting on applications for special permits by the owners of the tract was multifarious.  [234]

BILL IN EQUITY, filed in the Superior Court on April 17, 1959.

The suit was heard by *Taveira*, J.

*Douglas A. Randall*, for the plaintiffs.

*Allan M. Hale*, (*Hugh R. Maraghy* with him,) for the defendants.

WHITTEMORE, J.  The plaintiffs, as owners of land on Saby's Pond in Plymouth, alleging harassment by acts of the defendants Euclid and Adrienne Carreau in repeatedly applying to the board of appeals for permits to use their land on the pond as sites for picnicking, tenting and a trailer camp, seek, by a bill of complaint filed April 17, 1959, to enjoin the board of appeals and its clerk from issuing notices and holding hearings on any such applications, and to enjoin the Carreaus from acting in violation of an order of the board of selectmen, served in compliance with a writ of mandamus in proceedings in which the Carreaus were intervening parties.

These are the plaintiffs' appeals from the interlocutory decree sustaining the demurrers of the board of appeals and the Carreaus, and from the final decree dismissing the bill.

1. The demurrer of the board of appeals was rightly sustained. As the demurrer asserts, the bill does not state a cause for equitable relief against the board.

The exclusive remedy of a person aggrieved by a decision of the board is the statutory appeal to the Superior Court. G. L. c. 40A, § 21. *Boyle* v. *Building Inspector of Malden,* 327 Mass. 564, 566, and cases cited. See *Howe* v. *Ware,* 330 Mass. 487, 488. Contrast *Atherton* v. *Selectmen of Bourne,* 337 Mass. 250, 257–259; *Publico* v. *Building Inspector of Quincy,* 336 Mass. 152, 155. The plaintiffs, as owners of nearby land, are persons aggrieved, *Vainas* v. *Board of Appeals of Lynn,* 337 Mass. 591, 594, and the bill asserts that they have appealed from the board's decision of February 18, 1959.

The bill does not show any basis for granting extraordinary relief against the board and we need not consider what remedies might be available in the appropriate case. See *Jaffarian* v. *Mayor of Somerville,* 275 Mass. 264, 266, and cases cited (mandamus); *Stiles* v. *Municipal Council of Lowell,* 233 Mass. 174, 181–183 (tort); *Kenyon* v. *Chicopee,* 320 Mass. 528, 534–536 (injunction, repeated criminal complaints which invaded constitutional rights). On this bill we must take it that the board is complying with its statutory obligation as to applications which it must receive and act on. G. L. c. 40A, §§ 4, 15, 17. There is no allegation or implication that the board is abusing its powers. The averment that "without notice to the plaintiffs" (by April 17, when the bill was filed) a notice of a hearing to be held April 21, 1959, on the last of the three or four petitions referred to, had been published in the Brockton Enterprise, states a fact consistent with an intent to comply with the statute. On demurrer there is no intendment in favor of the challenged pleading. *Gabriel* v. *Borowy,* 324 Mass. 231, 235. The plaintiffs' brief specifies as impropriety in the notice only that there was failure "to advertise in a Plymouth paper of general circulation." But there is no allegation that the Brockton Enterprise is not "a newspaper of general circulation, in the city or town." G. L. c. 40A, § 17. The

statute does not require publication in a newspaper published in the town. Compare G. L. c. 244, § 14. See *Gladstone* v. *Treasurer & Receiver Gen.* 337 Mass. 48. We do not intimate that patent error in giving notice would support the prayers against the board of appeals.

"Vexatious litigation may in itself become a ground for equitable relief" (*Boyajian* v. *Hart*, 312 Mass. 264, 266), and we assume that in the appropriate case the court could enjoin the Carreaus from abuse of their right to apply for exceptions or variances. This bill, however, does not seek such relief and the question is not presented of the propriety of an order ancillary thereto, which would bar acceptance by the board of the Carreaus' petitions.

Furthermore, although the bill states facts which suggest the possibility of abuse of the right to file applications, it does not clearly set out a basis for enjoining the Carreaus on this ground. It does not show that the Carreaus are attempting to relitigate settled questions or that, in applying, as the bill avers they did, in 1956 for a permit for 120 acres which the board refused, and successively in 1959, after the mandamus order, in respect of 15 acres, 32 acres and 36 acres, the Carreaus were abusing their statutory rights. The allegation is that in the mandamus proceedings it had been found that the Carreaus' existing use violated the by-law. This did not in terms bar applications by the Carreaus for exceptions or variances in an attempt to change the by-law as applied to their land. We need not now determine the effect, if any, of the mandamus order on a subsequent exception or variance. See *Colabufalo* v. *Public Bldgs. Commr. of Newton*, 336 Mass. 205, 211–212.

2. The demurrers of the Carreaus were also rightly sustained. The plaintiffs cite, but are not helped by, the *Colabufalo* case, *supra* (336 Mass. 205, 208–209). This bill cannot be construed as a petition, incidental to the mandamus case, appropriate to bring back before the court the interveners therein who are bound by the judgment, in order to subject them to a direct enforcing order. It does not join the selectmen to whom alone, as enforcing officers, the writ

is directly addressed. It is the violation of the order to them that supports such an ancillary petition; they are necessary parties, entitled to be heard on whether the court's order and their order under it are being obeyed. Not only are the enforcing officers not joined, but the bill includes an unrelated alleged cause and it has, apparently, as its only unifying purpose, what the plaintiffs in their brief ascribe to it, the "enforcement of the zoning by-law . . . by prohibiting . . . [violation by] the Carreaus."

The bill shows, we think, no occasion for an exception to the existing rule that if the power of the Superior Court to enforce the zoning by-law (G. L. c. 40A, § 22) is to be invoked in an independent proceeding in equity, the complaint should be made by the enforcing officers and not by private persons. *Boyle* v. *Building Inspector of Malden,* 327 Mass. 564, 566–567. *Old Colony Trust Co.* v. *Merchant Enterprises, Inc.* 332 Mass. 484, 488. No question is presented of the unwillingness of the enforcing officers to proceed against violators who had not intervened. See *Haverhill* v. *DiBurro,* 337 Mass. 230, 236. The point of the reference in the *Colabufalo* case (p. 208) to the statutory enforcing power of the Superior Court in equity is that the Superior Court has undoubted power to enjoin a violation in appropriate proceedings; it does not suggest that a new proceeding in equity is necessarily available to private persons who have prevailed in mandamus. We do not imply that enforcing officers may not initiate proceedings ancillary to a mandamus case against disobedient interveners.

The demurrers of the Carreaus sufficiently set out deficiencies of the bill as a petition ancillary to the mandamus case. The grounds include multifariousness as to causes (*Defiance Printed Circuit Corp.* v. *Goodwin,* 337 Mass. 473) and action by private persons to enforce the zoning by-law.

3. The case has been argued as though the clerk of the board of appeals had also demurred. The demurrer of "the defendant Thomas F. Quinn et als, as they constitute the board of appeals," may have been intended to speak for him but did not do so. We disregard the omission for it is ap-

parent that relief cannot be given under this bill of complaint and the plaintiffs do not ask that it be retained against the clerk. See *Publico* v. *Building Inspector of Quincy,* 336 Mass. 152, 153.    *Interlocutory and final decrees affirmed.*