FRANK URBANO & another *vs.* OUIMET STAY & LEATHER CO.
(and three companion cases[1]).

Plymouth.   November 6, 1968. — December 9, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Res Judicata.   Landlord and Tenant,* Eviction, Services furnished by
landlord. *Equity Pleading and Practice,* Bill.  *Equity Jurisdiction,* To
void a judgment.  *Practice, Civil,* Summary judgment.

The bill in a suit in equity by a lessee against its lessors was demurrable
as multifarious in that the bill alleged equitable rights in the lessee
arising under or in connection with several leases and prayed that the
leases be declared void, and also alleged that in actions for rent by the
lessors against the lessee in a District Court special precepts of attach-
ment by trustee process had been unlawfully issued so that that court
had been deprived of jurisdiction, and prayed that judgments entered
for the lessors be declared void [35]; and allowance of the lessee's
motion to amend the bill by striking therefrom the prayers in respect
to the leases would have left the bill still multifarious [35].
Even though the issuance of executions on judgments obtained by lessors
in actions at law for rent had not foreclosed the lessee from challenging
the validity of the judgments, the lessee showed no basis for doing so
in a suit in equity against the lessors.   [35–36]
Where, in actions in a District Court by lessors against their lessee, the
judge found that there was no credible evidence to sustain the lessee's
contentions that the lessors had failed to comply with their covenants
in the lease with respect to furnishing heat and elevator service and had
constructively evicted the lessee, and that no rent was due, and judg-
ments for the lessors for unpaid rent were entered, and in a subsequent
suit in equity against the lessee by the lessors for a receivership the
bill set out the District Court judgments and the return of executions
thereunder unsatisfied, it was held that the District Court findings
and judgments foreclosed as res judicata equitable defences raised in
the suit by the lessee in a counterclaim of false representations by the
lessors before the signing of the lease as to heat and elevator service and
breach of agreement by them thereafter to improve such service, even
though the agreement was not expressly referred to in the District
Court and an affidavit of the lessee's counsel asserted that the equitable

---

[1] The other cases are Ouimet Stay & Leather Co. *vs.* Frank Urbano &
another, Ouimet Stay & Leather Co. *vs.* Frank Urbano & another, and Frank
Urbano & another *vs.* Ouimet Stay & Leather Co.

claims had not been set forth in the pleadings in defence in the District Court actions nor evidence thereon offered. [37–38]

In a suit in equity against a corporate lessee by its lessors in which the bill set out District Court judgments for unpaid rent, the return of executions thereunder unsatisfied, and a prayer for the appointment of a receiver for the defendant, where it appeared that an interlocutory decree ordered that the defendant could deposit a designated sum with the clerk of court in lieu of the appointment of a receiver, that the defendant deposited the sum designated, and that equitable defences alleged by it were barred by the principle of res judicata, the final decree rightly ordered the clerk to apply as much of the deposit as was necessary to satisfy the executions and to return the balance to the defendant. [38]

In an action at law in the Superior Court by lessors against their lessee for rent due under certain leases, where it appeared that the plaintiffs filed a demand to admit facts under G. L. c. 231, § 69, that the defendant's answer thereto was struck, leaving as admitted the terms and rentals of the leases and nonpayment by the defendant of the rent for which the action was brought, that the defendant's answers to the plaintiffs' interrogations set out the dates of the leases and the amounts of the rent, that the plaintiffs then filed a motion for summary judgment under § 59, supported by an affidavit that findings in prior District Court actions for earlier rent rendered the validity of the leases and the liability for rent res judicata, and that the defendant's answers and admissions showed that no genuine issue of material fact existed, it was held that equitable defences arising under or in connection with the leases and set up in an affidavit of defence by the defendant were foreclosed by the District Court findings, that such affidavit was not contradictory of the plaintiffs' affidavit, and that the defendant's exception to an order for judgment for the plaintiffs must be overruled. [39–40]

BILL IN EQUITY by Frank Urbano & another against Ouimet Stay & Leather Co. filed in the Superior Court on April 4, 1966.

Interlocutory decrees were entered by *Vallely*, J., and *Murray*, J. The final decree was entered by *Hale*, J.

Two BILLS IN EQUITY by Ouimet Stay & Leather Co. against Frank Urbano & another filed in the Superior Court on December 6, 1965, and April 5, 1966, respectively.

Interlocutory decrees were entered by *Cahill*, J., and *Lurie*, J. The final decrees were entered by *Taveira*, J.

CONTRACT by Frank Urbano & another against Ouimet Stay & Leather Co. Writ in the Superior Court dated March 3, 1966.

The defendant excepted to the allowance by *Taveira, J.,* of a motion for summary judgment by the plaintiffs.

*Walter G. Cogan* for Ouimet Stay & Leather Co.

*Ovide V. Fortier (William F. Hallisey* with him) for Frank Urbano & another.

WHITTEMORE, J.   These causes concern (a) three leases made early in 1961 under which Frank and Josephine Urbano (lessors) leased to Ouimet Stay & Leather Co. (lessee) for five year terms premises at 157 Center Street, Brockton, and (b) judgments for unpaid rent obtained by the lessors in the District Court of Brockton.   The lessee in several causes subsequent to the entry of the District Court judgments attempted both defensively and offensively to set up equitable rights allegedly arising under or in connection with the leases.   A basic question is whether the issues involved were res judicata because of the District Court judgments and underlying findings.

The lessee set out its equitable rights, with some variations between the cases, in substantially the following terms:   In 1961 it leased premises from the lessors;   in the negotiation for the three leases, the lessors knew that the lessee had to have an elevator for continuous use and reasonable heat during cold weather;   the lessors represented that there was an elevator on the premises in excellent condition and that there was an adequate heating system sufficient to supply adequate heat and they would guarantee to supply necessary heat and elevator service;   the representations were false;   adequate heat was not supplied in cold weather and the elevator was regularly out of order;   in the winter of 1962 the lessors, after the lessee's protests and in consideration of its agreement not to move, agreed to make necessary changes in the heating system and to renovate the elevator and if necessary install a new one;   also, if the lessee was not satisfied it could move and the lessors would pay all its expenses;   the lessors did not carry out their agreement and in the winter of 1962–1963 the premises were so cold and the elevator so frequently out of order that in January, 1963, after notice to the lessors that it would have

to do so, the lessee moved to other premises and was damaged and has not been paid its expenses.

1. We notice first the bill in equity brought by the lessee, December 6, 1965, alleging, inter alia, its equitable rights and praying that the leases be declared void. The bill also alleged that in three actions at law in the District Court of Brockton for rent and damages in which the lessors had judgments, special precepts of attachment by trustee process had been unlawfully issued so that that court had been deprived of jurisdiction. It prayed that the judgments be adjudged void.

A demurrer alleged that the bill was multifarious and that the allegations in respect of the District Court proceedings were vague and indefinite. This was rightly sustained. The bill was plainly multifarious. *Defiance Printed Circuit Corp.* v. *Goodwin*, 337 Mass. 473.

There was no error in denying a motion to amend by striking from the bill the prayers in respect of the leases and the plaintiff's damages. This amendment would have left a bill still multifarious and confusing in its allegations. But, further, disregarding the allegations as to the leases, the bill would have been demurrable. The bill alleges that while there were pending petitions to establish reports the lessors filed motions to record judgments and for the issuance of executions; that the motions were allowed on December 4, 1964, and that thereafter the lessee filed a draft report in respect of rulings in connection with the motions for judgment and that this was disallowed and later the lessee filed a petition to establish the draft report; also that on December 7, 1964, the clerk unlawfully issued executions and the lessors had collected a sum of money from the trustee.

Assuming, without deciding, that the court record was such that valid judgments could not enter and that the lessee had acted seasonably within the rules to obtain review of the allowance of the motions for judgment, the issuance of the executions did not foreclose challenge to the validity of the judgments. The lessee, however, shows no basis for doing this in a bill in equity in the Superior

Court. We need not decide as to the proper proceedings. See *Patrick* v. *Dunbar,* 297 Mass. 40, 41 (motion in the same proceedings); *Burnham* v. *Clerk of the First Dist. Court of Essex,* 352 Mass. 466 (mandamus); G. L. c. 250, § 22, *Reubens* v. *Boston Fed. Sav. & Loan Assn.* 342 Mass. 483, 485–487, *Quincy* v. *Brooks-Skinner, Inc.* 325 Mass. 406, 411–412, 416 (writ of review); *Bennett* v. *Powell,* 284 Mass. 246, 249, *Mahoney* v. *Bernstein,* 353 Mass. 649, 652–653 (writ of error).

2. The lessors on April 4, 1966, filed a bill in equity setting out twelve judgments in the District Court of Brockton alleging that executions thereunder had been returned unsatisfied, and praying that a receiver be appointed.

The answer included a counterclaim setting up the equitable defences. The lessors' motion to strike was allowed in part, so as to leave in the counterclaim the allegations that there was an agreement in 1962 to make good the heat and the elevator service, that it had not been performed, and that the lessee had been obliged to leave the premises. The lessee appealed from this partial allowance of the motion.

To the counterclaim the lessors filed a plea in bar setting up the three judgments and the underlying findings shown by an attached certified copy. The plea was allowed on October 3, 1966. The lessee appealed. The judge declined a report of material facts as "no evidence [was] presented and I found no facts."

The lessee on October 13, 1966, filed a motion to vacate the interlocutory decree sustaining the plea in bar on the ground that, as asserted in the affidavit of counsel attached, the equitable claims set out in the counterclaim had not been set forth in any answer or pleadings in defence in the three District Court of Brockton actions and no evidence had been offered on the issues. This motion was denied on October 17 and the lessee appealed.

The court allowed the lessors' motion to amend the bill by adding a prayer for an order that $20,000 that had been deposited by the lessee with the clerk of court be applied in satisfaction of the executions. Appropriate allegations, also

added by amendment, recited that, after hearing on the prayers for a temporary injunction and temporary receiver, the court had ordered that the lessee deposit $20,000 with the clerk, that upon such payment a temporary restraining order that had been issued would be dissolved and the prayers for injunction and a receiver would be denied, otherwise the injunction would be issued and the receiver appointed; and that the lessee had deposited the $20,000 as ordered.

The final decree, from which the lessee appealed, ordered that the clerk apply the money held by him in satisfaction of the judgments and return the balance to the lessee.

The motion to strike was rightly allowed and the plea in bar was rightly sustained. The District Court findings recite that the lessee had contended that the lessors had failed to comply with their covenants in the lease and that by acts of the lessors there was constructive eviction. The judge found that there was no credible evidence to sustain the contention and that the lessors had fully complied with the terms and provisions of the lease. He also found that the deficiency in heat was caused solely by the lessee's negligent acts, without the lessors' assent, in cutting and removing heating pipes, making holes in an excavation, removing windows and inserting fans without covering them. The judge awarded damages for the lessee's negligent acts and for the rent.

The striking of the allegations of the counterclaim that there had been misrepresentations and breaches such as to support declaring the lease void was plainly justified by the District Court judge's express findings underlying the judgments.

The lessee was equally foreclosed in respect of the agreement for better heat and elevator service. The failure of the lessors to perform their covenants was expressly in issue. One of the lessors' covenants was to furnish elevator service. The District Court became the tribunal for adjudicating the equitable defence (G. L. c. 231, § 31) that there was such conduct by the lessors as to justify the lessee in leaving. Even if the alleged 1962 agreement was not expressly re-

ferred to in the District Court, the facts to show that it was
not performed necessarily were at issue. If the elevator
service was so inadequate after the January, 1962, agree-
ment as to justify the lessee's leaving, that fact was equally
as relevant to the contention of constructive eviction under
the lease, as was the lack of heat. The lessee could not
carve up its equitable defence.

It was not error to deny the motion to vacate the decree
sustaining the plea in bar. The lessee could not by an
affidavit belie the certified findings of the court.

The pleadings in the three cases in the District Court of
Brockton were exhibits in the Superior Court action for rent
due in 1965 discussed in point 4 and they are before us.
The answers contain a general denial and the further answer
that "the plaintiffs have failed to comply with the covenants
contained in the alleged lease . . . and have continuously
broken the same, whereupon the defendant owes them
nothing." It is plainly inferrable from the findings of the
District Court judge that under the answers the lessee put in
evidence circumstances deemed by it to show constructive
eviction and no rent due. We need not concern ourselves
with a technical construction of an answer which was thus
availed of.

The final decree was right. The lessee had been given
an option to deposit $20,000 in lieu of a receivership and
an accompanying injunction. The reasonable implication of
the order was that this was to be available to pay the lessors'
judgments. By making the deposit the lessee in effect
agreed to such use of the money.

3. The lessee filed a bill in equity on April 5, 1966, alleging
its equitable claims, and that the lessors in several pending
actions were seeking unpaid rent. It prayed for a restraint
of the law actions, including the action dealt with in point 4,
a determination that the leases were void, and for damages.

The lessors filed a plea in bar setting up the findings of the
District Court of Brockton. The plea was sustained on
December 13, 1966. There was a request for a report of
material facts in response to which the judge declined a

report "because there was no evidence presented" and he "made no findings." Although the copy of the District Court findings was not certified, there was a certified copy in the files of the Superior Court (see point 2) and if any point had been raised, the judge could have referred thereto. See *Miller* v. *Norton,* 353 Mass. 395, 399, and cases cited.

We assume no point was raised. The judge's statement in declining a report reasonably means that there was no evidence and no finding, except as to the uncontroverted fact of the District Court findings set out in the plea. In any event we need not pause on this technicality as the lessee now asks that we consider the merits of the claim of res judicata "as . . . [the lessors'] only defense," and argues that the findings and rulings of the District Court show "conclusively that the matters of fraudulent representations and equitable rights as set forth in the bill . . . were not in issue." We disagree for the reasons stated in point 2.

4. The lessors brought an action at law in the Superior Court for rent due under two of the leases for the period from April 1, 1965, to December 1, 1965. They filed a motion for judgment and a supporting affidavit (G. L. c. 231, § 59) setting out that earlier rents due under these leases had been adjudged due in three actions at law in the District Court of Brockton and that the findings in those actions were res judicata as to the validity of the leases and the liability for rent. The affidavit also set out that the lessee's answers to interrogatories and admissions of fact showed affirmatively that except as to the amount of damages no genuine issue of material fact existed. The lessee's affidavit of defence set up its equitable defences.

An answer to a demand to admit facts had been struck by court order so the facts alleged were to be taken as admitted. G. L. c. 231, § 69. Thus it was established that the two leases were for five years beginning, respectively, January 26, 1961, and March 1, 1961, with rentals, respectively, of $225 and $250 a month and that the defendant did not pay the rent for the periods for which action was brought. In its

answers to interrogatories the lessee set out that the five year leases were dated in 1961, and stated the amounts of the rent. It also asserted that the lessee had been constructively evicted and that the leases had been terminated in 1963 because of the facts involved in its equitable defences.

Section 59 provides in part that if "admissions in the pleadings, interrogatories or admissions under section sixty-nine, stipulations or affidavits hereunder show affirmatively, that except as to the amount of damages, no genuine issue of material facts exists and that there is nothing to be decided except questions of law, an order for default, or judgment for the moving party, shall forthwith be entered if he shall be entitled thereto as a matter of law, subject to an assessment of damages if required."

The statute also provides that the facts in the affidavit accompanying the motion shall be taken as admitted "unless within twenty-one days . . . contradictory affidavits are filed." For reasons stated in point 2 the defendant's affidavit was not contradictory of the essential facts of the affidavit of no defence. The notice to admit facts and the answers to interrogatories supplied the basis for the order for judgment. The lessee's exceptions to that order must be overruled.

5. (a) The entries in each of the three equity suits, Nos. 7111, 7112, 7113, shall be: Interlocutory decrees affirmed and final decree affirmed with double costs to the prevailing parties. (b) The entry in the law action, No. 14,093, shall be: Exceptions overruled with double costs.

*So ordered.*