Frank Urbano & another *vs.* Ouimet Stay & Leather Co. June 29, 1970. This action of contract is in three counts for rent under three written leases, each of a separate floor of a factory building at 157 Center Street, Brockton. For a previous controversy between these parties relative to rent of this

property, see *Urbano* v. *Ouimet Stay & Leather Co.*, 355 Mass. 32.   Count 1 under a lease dated January 26, 1961, is for the rental of the basement "for the months from July 1, 1964 to April 1, 1965 being 10 months at $225 per month $2,250."  Count 2 is under a lease dated March 1, 1961, of the third floor "for the months from July 1, 1964 to April 1, 1965, being 10 months at $250 per month $2,500."  Count 3 is under a lease dated June 21, 1961, for the first floor "for the months from July 1, 1964 to April 1, 1965, being ten months at $250 per month $2,500."  It will be noted that there is an error in the three counts in computing the period at ten months instead of nine months.  This has the effect of asking for an extra month's rent of $250 or $225 in the total of each count.  A motion by the plaintiffs for immediate judgment was allowed.  Subsequently the same judge vacated his allowance of the motion and ordered the case advanced for speedy trial.  Such subsequent action of the judge did not in legal effect deny the motion; further action on it still might be taken.  But, because of the mistakes in the declaration noted above, there was error when later the motion was allowed by another judge. [1]  The defendant's exception to its allowance is sustained. It is an imposition on the court to bring the case here on this record.  Should the case come here again we expect that the record will contain an accurate statement of all the facts material to the issue of the surrender alleged in the defendant's answer and on any other issues which are to be argued.

*Exceptions sustained.*

*Walter G. Cogan* for the defendant.
*I. Manuel Rubin (William F. Hallisey* with him) for the plaintiffs.


---

[1] The mistakes show that, as to the amount of damages, a genuine issue of fact existed, and a judgment for the plaintiffs, at most, could have been entered subject to the assessment of damages.  G. L. c. 231, § 59, as amended through St. 1965, c. 491, § 1.