TOWN OF CHELMSFORD & others *vs.* WILFRED PARE & others. January 12, 1978. 1. So much of paragraph 3 of the judgment as requires the removal of the garage ell (constructed without a building permit and in violation of the 1963 zoning by-law) is vacated, and the case is remanded to the Superior Court for further proceedings not inconsistent with those described in *Building Inspector of Falmouth* v. *Haddad,* 369 Mass. 452, 459-460 (1976). Compare *Selectmen of Blackstone* v. *Tellestone,* 4 Mass. App. Ct. 311, 316-317 (1976). 2. The defendants have failed to demonstrate error in the first sentence of paragraph 6 of the judgment. Section 6.1.3 of the 1963 by-law forbade any "increase in the area or extent of [a] nonconforming use of . . . land." The challenged sentence reflects an implied finding of fact as to the portions of the premises actually used in connection with the original garage building on the effective date of the 1963 by-law; on all the evidence, that finding was not clearly erroneous. See *Marlow* v. *New Bedford,* 369 Mass. 501, 508 (1976). 3. The second sentence of paragraph 6 of the judgment is to be struck for reasons akin to those expressed in *Selectmen of Blackstone* v. *Tellestone, supra* at 315. 4. No error has been demonstrated in so much of paragraph 7 of the judgment as is directed to the open air storage of damaged or wrecked cars which have been towed onto the premises to await damage estimates or insurance adjustments but which have not been worked on in the body shop located in the pre-1963 garage building. The judge made no express finding that any such activity had been conducted on any part of the premises prior to the effective date of the 1963 by-law (see *Colabufalo* v. *Public Bldgs. Commr. of Newton,* 332 Mass. 748, 751 [1955]; *Bridgewater* v. *Chuckran,* 351 Mass. 20, 24 [1966]), and there is nothing in paragraph 45 of the judge's findings which, when read in context, can properly be construed as an implied finding of such activity prior to the critical date. 5. No other question has been argued within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). Except in the respects indicated in parts 1 and 3 hereof, the judgment is affirmed.

*So ordered.*

*Philip S. Nyman* for the defendants.
*John J. McArdle* (*Clement McCarthy,* Town Counsel, with him) for the town of Chelmsford & another.