TOWN OF FAIRHAVEN *vs.* BEN PRINCE & SONS, INC.
& others. [1]

Bristol.    March 13, 1974. — April 1, 1974.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Zoning,* Junkyard.

Use of premises in a town for storage of old, used machinery, equipment, and motor vehicle parts for salvage or for junk was in violation of the town's zoning by-law under which such premises were in a retail business district, even if some such salvaged items were sold at a place of business about one-half mile from such premises. [112]

---

[1] Lawrence and Stanley Prince and Construction Equipment and Service Corporation.

BILL IN EQUITY filed in the Superior Court on July 6, 1972.

The suit was heard by *Frank E. Smith*, J., and after his retirement was reported by *Taveira*, J.

*Guy Volterra* for the defendants.

*William H. Carey*, Town Counsel, for the town of Fairhaven.

HALE, C.J.    This is a bill in equity brought by the town of Fairhaven seeking to compel compliance with that town's zoning by-law as it applies to business districts.    The case was tried before a judge of the Superior Court who made "Findings and Order" in which he ordered the entry of a decree granting injunctive relief to the plaintiff.    That judge retired and another judge reported the case to this court.    G. L. c. 231, § 112.    The evidence is also reported.    All questions of law, fact, and discretion are open for our decision.    We can find facts not expressly found by the judge and if convinced that he was plainly wrong we can find facts contrary to his findings.    *Lowell Bar Assn.* v. *Loeb*, 315 Mass. 176, 178 (1943).    *Miles* v. *Caples*, 362 Mass. 107, 108-109 (1972).

The question presented for our consideration is whether the use by the defendants of their land on Mill Road in Fairhaven (the locus) is, as the judge found, "a storage place [for junk] or a junkyard."    It appears from the evidence that the zoning by-law was originally adopted by the town in 1926 and has since undergone a series of amendments, including a comprehensive revision in 1966. The locus was zoned as a business district by a 1930 amendment to the zoning map.    Business district uses are governed by Section 7 of the town's zoning by-law.    That section permits such uses as retail stores, manufacturing which is "clearly incidental to a retail business lawfully conducted on the premises" and which is not "offensive, a nuisance or hazardous," offices, banks, restaurants, theaters, filling stations, "garages for storage," motor

vehicle salesrooms and repair shops, and certain other uses not here material.

The locus was acquired by the defendant Ben Prince & Sons, Inc., on March 23, 1952, from a corporation controlled by the individual defendants' family which had in turn acquired the property in 1950. The use of the locus by the individual defendants is the subject of scrutiny in the present case. That property is used for the storage of used construction and industrial equipment, most of which has been disassembled or dismantled and much of which is junk. The defendants assert that they salvage and sell parts from this equipment at their place of business on Washington Street, about one-half mile from the locus, and argue that the use of the locus is a retail business, a permitted use in the business district. We disagree.

The evidence, which includes many photographs of the locus, indicates that the premises are covered by an unsightly array of old, rusting machinery and motor vehicle parts and that those parts are not only spread over the entire area which is zoned for business but also intrude into an adjacent residential zone. The evidence clearly shows that the premises are used for the storage of old machinery and equipment for salvage or for junk. The photographs give the impression that there is more junk than anything else on the premises. Such use is not a retail business use permitted under the zoning by-law. The defendants rely on *Commonwealth* v. *Ringold*, 182 Mass. 308 (1902), but that case is distinguishable on its facts. Uses of the kind found here have never been permitted by the zoning by-law of the town in other than industrial districts. We perceive no possibility that the defendants' use of the locus could be found to be protected as a nonconforming use. See *Colabufalo* v. *Public Bldgs. Commr. of Newton*, 332 Mass. 748, 751 (1955).

We need not consider a further contention that their use of the locus can be justified under the by-law as

"manufacturing clearly incidental to a retail business lawfully conducted on the premises", as the locus clearly is not a part of the Washington Street premises where the defendants conduct their retail business.

A final decree is to be entered in the Superior Court enjoining the defendants from using the premises on Mill Road in Fairhaven for the storage of used or junk machinery equipment or motor vehicles, or for the salvaging of parts from any of the same. The decree is further to provide that all material of that description which is now located on the premises is to be removed therefrom within a reasonable period of time which is to be determined by the Superior Court and stated in the decree.

*So ordered.*