16515

OWENS v. CANTRELL

(65 S. E. (2d) 773)

*Messrs. Paslay & Paslay,* of Spartanburg, *for Appellant,*

*Mr. Jesse .W. Boyd,* of Spartanburg, *for Respondent,*

June 12, 1951.

STUKES, Justice.

The plaintiff in this action owns and lives upon a farm in Spartanburg County which is separated from the nearby paved highway by the tenant-occupied property of the defendant. Connecting plaintiff's home with the Spartanburg- Fingerville highway, and for many years affording the only means of ingress and egress, is a road, fifteen or sixteen feet wide, which runs across defendant's land for a distance of about four hundred yards. Numerous neighbors, several of whom were octogenarians, and some former occupants of plaintiff's property, testified without exception that the road had existed and had been continually used, without interference by any one, for as long as any of the witnesses could remember. From time to time the county authorities repaired it. Plaintiff's three school-age children attend school on the highway and their church is also not far from the outlet to the highway by means of the road. The distance to school and church is about two miles farther by the circuitous route of the new county or neighborhood road referred to in the following paragraph. The opening of it precipitated the present controversy.

.There was recently constructed by the county a road connecting plaintiff's property and other nearby farms at the rear with a paved road which goes in the opposite direction and to the town of Inman. It was built through plaintiff's property and practically to defendant's line, opposite entrance to the disputed road above described. Upon the contention that this increased traffic over the road crossing his property, defendant on Thanksgiving Day, 1949, had the road barricaded at its intersection with the highway and at its exit from his property to that of plaintiff. A thorough job was done. It was ploughed; trees were felled across it; and barbed wire was strung.

Thereupon this action was promptly commenced and injunction *pendente lite* issued, after hearing, on February 16, 1950, under the requirement of which the road was reopened. Defendant admitted in the answer an easement over his property of ingress and agress to and from plaintiff's farm but contended that it was personal and private and asserted the right to close it by reason of the construction by the county of the new connecting road at the rear.

Only the question of the amount of actual damages was submitted to the jury and they returned verdict for the plaintiff for $100.00. Thereafter the court ordered that plaintiff has, quoting from the order, "a private appurtenant right-of-way leading from  *  *  *  the road to his land, over and across the lands of the defendant." The order further authorized the defendant to erect unconnected fences along the property line, at the site of the road, and at its entrance into the highway, with gates at both places which should be provided with padlocks or equivalent and duplicate keys, one for the plaintiff and one for the defendant; and the cost of fencing and gates should be borne equally by the parties. The fences and gates would be of no purpose or effect except to restrict the use of the road as stated.

There are cross-appeals. The plaintiff's complaint of error is against the unusual provision in the order which authorized the fencing and locked gates. Apparently, basis of it

was section 5850, of the Code of 1942 which provides as follows: "It shall be lawful for any citizen of this State over whose land any road other than a public highway may pass to erect gates thereon." There is a corresponding section of the Criminal Code, 1640, which requires the owner of a gate which obstructs a public or private highway to keep it in such condition, quoting, "as to be easily opened and shut, and that the latch or fastening will adjust itself on being closed"; or be subject to fine or imprisonment.

Plaintiff's appeal must be sustained. The statutes, to which reference has been made, are plainly without application to the facts of this case. Obviously, the gates authorized by them are such as are erected to prevent the passage of animals, not people as apparently thought by the trial court, and it is contemplated that they be parts of fences to provide enclosures, not mere obstructions to travel as here. *Watson v. Hoke,* 73 S. C. 361, 53 S. E. 537. *Jennings v. Jennings,* 104 S. C. 242, 88 S. E. 527, 740.

There is at least a second reason why the order cannot stand. A member of the public who is desirous of going to plaintiff's premises is as well entitled to use the road as is plaintiff—yet he would be locked out under the order. *State v. Pettis,* 7 Rich. 390. *State v. Jefcoat,* 11 Rich. 529. From opinion in the last cited case we quote: "* * * The above cited case of the *State v. Pettis,* to say nothing of the others, is sufficient to show that the public at large have as much right to the use of a private path as they have to the use of the public highways under the control of the Commissioner of Roads." The term "private path" as here used is synonymous with "neighborhood road." *State v. Pettis, supra.*

Plaintiff also excepted to the order of the court whereby the transcript of record was "settled." It required that all of the testimony be printed. However, the cost of the printing will fall upon defendant because of the result of the appeal, which makes unnecessary consideration of plaintiff's exception thereabout.

The defendant filed exceptions which impute error by reason of the submission to the jury of the issue of damages because, it is contended, whatever such were suffered by plaintiff were caused by him as to result of his procurement of the construction of the new county or neighborhood road on his premises, which moved the defendant to close the contested road in order to turn back public traffic. The factual basis of the foregoing is not supported by the record. The new, back road appears to have been the fruition of the cooperative effort of several neighbors who were benefited, and one other than the plaintiff took the lead. For this reason the defendant's appeal is overruled without further examination of its grounds.

It has not been necessary in the consideration of this appeal to fully determine and define the legal status of the road in question. It is uncontroverted that defendant's obstruction of it was wrongful and the evidence establishes that substantial damage directly resulted to plaintiff, which, in view of the small verdict, need not be reviewed.

Error in the order is manifest on which account it is reversed, and the plaintiff's right vindicated. Judgment on the verdict is affirmed and the interlocutory order of injunction made permanent.

Affirmed in part; reversed in part.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.