ARTHUR N. NIGRO & another *vs.* EDITH M. JONES & another.[1]

Suffolk.    April 4, 1955. — June 29, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Zoning. Equity Jurisdiction*, Zoning, Other remedy. *Evidence*, Judicial notice.

There can be no judicial notice of municipal ordinances or by-laws. [743]
If the zoning by-law of a town, pursuant to G. L. (Ter. Ed.) c. 40, § 30, sixth paragraph, as appearing in St. 1941, c. 198, § 1, gave the owner of land adjacent to a certain parcel a right of appeal to the zoning board of appeals from the issuance of a building permit respecting such parcel by the building inspector, that remedy would preclude the maintenance of a suit in equity by the adjacent landowner against the owner of such parcel to restrain construction thereon under the permit. [743]
The owner of land in a town contiguous to a certain parcel respecting which a building permit had been issued by the town's building inspector could not maintain a suit in equity against the owner of such parcel to enforce the town's zoning by-law by restraining construction thereon under the permit, even if the plaintiff had no remedy by appeal to the zoning board of appeals from the issuance of the permit. [744]

BILL IN EQUITY, filed in the Superior Court on August 5, 1953.

---

[1] Virgilio A. Rota, a contractor engaged to construct the building and patio wall hereinafter referred to.

The suit was heard by *Lurie*, J., upon a master's reports.

*Melvin A. Cherwin*, for the plaintiffs.

*Edward D. Sharkey*, for the defendant Jones.

COUNIHAN, J. This is a bill in equity brought by the plaintiffs, who are husband and wife, in which they seek to restrain the construction of a two car garage and patio wall on a lot of land in Winthrop owned by the defendant Jones, and to compel the removal of so much of the construction as has already taken place.

In the Superior Court the case was referred to a master. Upon the coming in of the master's report and a report upon recommittal, an interlocutory decree was entered overruling the plaintiffs' exceptions to these reports, denying another motion to recommit, and confirming the master's reports. A final decree was subsequently entered dismissing the bill. The case comes here upon the plaintiffs' appeals from these decrees. There was no error.

The bill alleges inter alia, "6. The respondent Edith M. Jones has engaged the respondent Virgilio A. Rota to construct on lot 526A a two car garage and an adjoining high wall the rear side of which is on the boundary line of the petitioners' land; and the construction of which is now in progress; and that said wall is in fact a fence being erected in violation of the building law of the town of Winthrop. 7. That the effect of this construction will be to wholly cut off your petitioners' access to light and air which till now has been a substantial and necessary incident of the enjoyment by them of their property; and that the petitioners have a right to the access to the light and air being taken from them by the acts of the respondents because it is absolutely necessary for the reasonable enjoyment of the property of your petitioners. 8. That said acts of the respondents interfere with the physical enjoyment of the property to which the petitioners are entitled, and also reduces substantially the value of the land which the petitioners are entitled to maintain as an incident of their right of enjoyment. 9. That upon information and belief your petitioners allege that the conduct of the respondent Edith M. Jones is motivated by

spite and that the work being done serves no useful purpose and [is] neither necessary nor beneficial to the enjoyment of the said respondent's land. 10. The said acts of the respondents are causing irreparable damage to the petitioners and that there is no plain, adequate and complete remedy at law."

The master made the following findings: The plaintiffs are owners of lot 526B and the defendant Jones is the owner of lot 526A and lot 525 shown on a sketch which appears in the record. These lots are contiguous. The plaintiffs live in a two family house on lot 526B and the defendant Jones lives in a similar house on lot 525. When the construction complained of began lot 526A was vacant. The construction of this two car garage and patio wall was started by virtue of a permit granted the defendant Jones by the building department of Winthrop on June 19, 1953.

The master specifically found that the plaintiffs' access to light and air was not wholly cut off or reduced by more than a negligible amount by the erection of this garage and the adjoining wall and that the defendant Jones was not actuated by spite in starting this construction.

This bill is in effect and in substance an attempt by the plaintiffs to enforce the zoning by-laws of the town of Winthrop. But these by-laws are not before us and such excerpts from them as appear in the master's reports do not include any provision for any aggrieved party to appeal to the board of appeals from the issuance of a permit by the building inspector. We cannot take judicial notice of municipal ordinances or town by-laws. They are matter of fact to be alleged and proved like other facts. We do not know whether or not under the Winthrop by-laws the board of appeals had authority to hear appeals from the granting of a permit by the building inspector. If the by-laws do include authority of this kind, it is plain that the plaintiffs should have pursued their remedy by appeal to the board of appeals instead of proceeding directly to the Superior Court as was done in the case at bar. G. L. (Ter. Ed.) c. 40, § 30, sixth paragraph, as appearing in St. 1941,

c. 198, § 1.[1]  "And if the . . . [by-laws do] not include
such authority, the plaintiffs as adjacent landowners have
no private rights by statute or otherwise to enforce the
zoning laws on land of another by a suit in equity." *Boyle*
v. *Building Inspector of Malden,* 327 Mass. 564, 566–567.
*Old Colony Trust Co.* v. *Merchant Enterprises, Inc., ante,*
484, 488.  Compare *Sunderland* v. *Building Inspector of
North Andover,* 328 Mass. 638, 641.  The plaintiffs therefore
cannot maintain their bill.

It may not be necessary to discuss other contentions of
the plaintiffs but we deem it appropriate to say that the
allegations of paragraph 7 of the bill cannot be sustained.
See G. L. (Ter. Ed.) c. 187, § 1.[2]  Furthermore the master
specifically found that the plaintiffs' access to light and air
was not cut off or reduced by more than a negligible amount.
He also found that the defendant Jones was not actuated
by spite in carrying on this construction so that the allega-
tions of paragraph 9 of the bill cannot be sustained.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs of*
*this appeal.*

---

[1] See now G. L. (Ter. Ed.) c. 40A, § 13 (inserted by St. 1954, c. 368, § 2),
as appearing in St. 1955, c. 325, § 1, approved May 2, 1955, effective ninety
days thereafter.

[2] "Whoever erects a house or other building with windows overlooking
the land of another shall not, by the mere continuance of such windows,
acquire an easement of light or air so as to prevent the erection of a building
on such land."