JOHN A. MURDOCK, trustee, *vs.* BOARD OF APPEALS OF DUXBURY. April 4, 1961. Decree affirmed. This is an appeal from a final decree of the Superior Court under G. L. c. 40A, § 21, as amended, which annulled a decision of the board of appeals of Duxbury as in excess of its authority. The board's decision denied the plaintiff permission to build a dwelling house giving as a reason that there would be a violation of a zoning by-law relating to minimum size and frontage of lots. The by-law is unique, and the only question is one of its individual interpretation. We are of opinion that the judge made the right interpretation.

The case was submitted on briefs.

*Robert J. Geogan,* Town Counsel, & *Paul F. X. Moriarty,* for the defendant.

*John M. Corcoran,* for the plaintiff.

JOHN SENATORE & another *vs.* ROY L. BLINN. April 26, 1961. Decree affirmed. The plaintiffs have appealed from a final decree dismissing their bill to enjoin a private nuisance on the premises of the defendant. The parties are neighbors residing in a residential section on the edge of Wellesley and Weston. A master, to whom the case was referred, found that, for a period of three or more years, the defendant has permitted his son, a boy of high school age, and sometimes his friends, to use his property in pursuance of the hobby of dismantling and repairing old automobiles. From the end of 1958 to the spring of 1960, four cars were dismantled and most of their parts taken to the junk yard. Some of the work was done with an acetylene torch. On four occasions since the suit was brought in 1959 different old cars have been the subject of substantial repair work. The plaintiffs have been annoyed by the noise of the work, and the unsightly appearance of the old cars and the equipment used in working on them. The acts complained of have been sporadic. The existence of a nuisance is a question of fact to be determined from all the circumstances. *Ferriter* v. *Herlihy,* 287 Mass. 138, 143. *Kasper* v. *H. P. Hood & Sons, Inc.* 291 Mass. 24, 27. It cannot be said from the reported facts that the use of the defendant's premises has been so persistent and unreasonable that an injunction is justified.

*Irving M. Smolker,* for the plaintiffs.

*Robert W. Cornell,* for the defendant.