ROBERT T. FLYNN & another *vs.* TOWN OF SEEKONK & others.

Bristol.   December 7, 1966. — February 14, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Nuisance. Horse. Zoning,* Enforcement. *Equity Jurisdiction,* Zoning. *Mandamus.*

Findings by a master did not support a claim that the stabling of a horse on premises in a residential area created a private nuisance to neighbors of such premises. [72–73]

A neighbor of a parcel of land in a town could not maintain a suit in equity seeking in effect to enforce the town's zoning by-law against a certain use of the parcel by compelling revocation of a permit for such use allegedly granted in violation of the by-law. [73]

BILL IN EQUITY filed in the Superior Court on September 10, 1963.

The suit was heard by *Chmielinski,* J., on a master's report.

*Joseph R. Cleary* for the plaintiffs.

*Charles E. Bennett* for the defendants Brassard.

REARDON, J.   The plaintiffs seek in this bill in equity to abate an alleged nuisance caused by the stabling of a horse by the defendants Brassard, their neighbors, in a residence district in Seekonk, and seek also to order the selectmen of

that town, acting as the board of health, to revoke a permit to stable the horse, allegedly granted in violation of the zoning by-law. There was a master's report which was confirmed by an interlocutory decree, followed by a final decree which dismissed the bill of complaint. The plaintiffs appeal from the final decree.

1. Whether a nuisance existed was a question of fact to be determined from all the circumstances. *Loosian* v. *Goudreault,* 335 Mass. 253, 255. *Senatore* v. *Blinn,* 342 Mass. 778. The specific question is whether the stabling of the horse constituted an unreasonable interference with the rights of the plaintiffs. *Ferriter* v. *Herlihy,* 287 Mass. 138, 143, and cases cited. The case was heard by the trial judge entirely on the master's report, and the interlocutory decree which confirmed it established the facts as found by the master to be the facts in the case. *Foot* v. *Bauman,* 333 Mass. 214, 219.

The master made the following findings pertinent to the question of nuisance. The horse had been stabled continuously on the Brassard premises since August of 1963 with the exception of the months of July and August when it was taken with them to another place during their vacation. The Brassard stable is located eleven feet from the property line of the plaintiffs. The residences of the plaintiffs and the Brassards are separated by a distance of 350 yards. Horses are kept by other residents in the area, some twenty horses being maintained by other persons approximately 300 feet from the property of the plaintiffs. The waste from the horse which has perturbed the plaintiffs was first dumped on the line of the plaintiffs' property. At the present time it is disposed of at the extreme end of the property line away from the buildings of the plaintiffs and the Brassards. The master took a view of the premises in the winter season but "was unable to detect any odors or stench existing to a degree which may interfere with the enjoyment and comfort of the . . . [plaintiffs]." The plaintiffs maintain that since the master took his view in the wintertime we are under a duty reasonably to infer that a nui-

sance would exist in the warmer weather. The facts found by the master do not justify such an inference. Lacking further facts there is no substantiation that the Brassards' stabling of a horse is creating, or will create in the future, a private nuisance to the plaintiffs. The negative findings of the master resulting from his inability to determine upon the evidence whether the use of the premises constituted a private nuisance make it imperative that an injunction not issue and that the bill be dismissed. *O'Keefe* v. *Sheehan,* 235 Mass. 390, 397.

At most, the contentions of the plaintiffs may show that the defendants Brassard violated the conditions subject to which the permit to stable the horse was issued by the board of health under G. L. c. 111, § 155, in that there was a provision in the permit that there be no storage of manure within 100 feet of any property line. The appropriate remedy for such a violation was to request that the board of health enforce the conditions of the permit. Upon the failure of the board to enforce, the remedy of the plaintiffs lay by way of mandamus. *Scudder* v. *Selectmen of Sandwich,* 309 Mass. 373, 375. *Nichols* v. *Dacey,* 329 Mass. 598, 600.

2. Since the master has not found a private nuisance the plaintiffs' bill becomes in effect an attempt to enforce the zoning by-law of Seekonk through a revocation of the permit allegedly granted in violation of it. However, "[m]embers of the general public . . . apart from G. L. c. 231A, may not proceed directly for the enforcement or construction of zoning regulations." *Woods* v. *Newton,* 349 Mass. 373, 375. *O'Brien* v. *Turner,* 255 Mass. 84, 86. *Boyle* v. *Building Inspector of Malden,* 327 Mass. 564, 566–567. *Nigro* v. *Jones,* 332 Mass. 741, 744. *Smith* v. *Board of Appeals of Plymouth,* 340 Mass. 230, 234. *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 518. "[I]f the power of the Superior Court to enforce the zoning by-law . . . is to be invoked in an independent proceeding in equity, the complaint should be made by enforcing officers and not by private persons." *Smith* v. *Board of Appeals of Plymouth,* 340 Mass. 230, 234. *Boyle* v. *Building Inspec-*

*tor of Malden,* 327 Mass. 564, 566–567. "If the enforcing officers do not act, a citizen, having no other remedy, may bring a mandamus petition naming the enforcing officers as respondents." *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 519. *Atherton* v. *Selectmen of Bourne,* 337 Mass. 250, 257, and cases cited.

It follows that, upon both issues, the decree dismissing the bill was properly entered.

*Decree affirmed.*