VINCENT H. ONORATI & another *vs.* LUVENA S. O'DONNELL. April 23, 1975. As there was no appeal from the interlocutory decree confirming the master's report, we consider the case solely on the basis of the master's findings. *Fisher* v. *MacDonald,* 332 Mass. 727, 729 (1955). 1. The deeds which established and referred to the right of way, limited its dimensions, and located it by reference to a Land Court plan depicting it were "clear, explicit and free from ambiguity" (*Panikowski* v. *Giroux,* 272 Mass. 580, 582 [1930]), and there was nothing in the master's report which would have warranted the judge's restricting the plaintiffs' vehicular use of any portion of the way to anything less than the full twenty-foot width specified and referred to in the deeds from the common grantor. See *Guillet* v. *Livernois,* 297 Mass. 337, 339-340 (1937). 2. In the absence (as a party) of any public official charged with the enforcement of the zoning code, it was irrelevant that the plaintiffs' use of the way might lead to a violation of the code. *Smith* v. *Board of Appeals of Plymouth,* 340 Mass. 230, 233-234 (1960). *Flynn* v. *Seekonk,* 352 Mass. 71, 73-74 (1967). 3. The counterclaim was properly dismissed because there was nothing in the master's findings which supported any of its allegations.

*Final decree affirmed, with double costs to the plaintiffs.*

*John J. Conroy* for the defendant.
*Margaret S. Travers* for the plaintiffs.