GUS NOPOLOUS *et al.*, Plaintiffs-Appellees, *v.* MAJOR McCULLOUGH, Defendant-Appellant.

Third District   No. 80-142

Opinion filed April 29, 1981.

ALLOY, P. J., concurring in part and dissenting in part.

Bruce A. Buckrop, of Andalusia, for appellant.

Betty L. Beer, of Aledo, for appellees.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This suit concerns an easement across farm lands from a public road to a dwelling. The plaintiffs, Nopolous and Carlson, owner and tenant of the servient farm lands, had from time to time installed a gate at the easement entrance and had padlocked the gate with keys made available to the defendant. Plaintiffs had also moved the easement from its original path. Then plaintiffs obtained an injunction against the defendant McCullough, the owner of the dwelling and the party entitled to the use of the easement, which permanently enjoined McCullough from deviating from the altered roadway. The trial court further mandated the permanent installation of a padlock on the gate. McCullough appealed. We reverse for two reasons, one procedural and one substantive.

First of all, the trial court committed a serious procedural error. The hearing before the trial court was on defendant's motion to remove the plaintiff's temporary injunction and on defendant's countermotion to enjoin plaintiff from maintaining a gate and from locking it. The trial court erroneously treated the motion hearing as a full-scale hearing on the merits and permanently disposed of all pending matters and denied defendant's counterclaim.

■■ Secondly, the court committed a substantive error in concluding that the easement entrance should be gated and padlocked and that the defendant should be enjoined from restoring the easement path to its original location. The installation of gates, posts and fences by the owner

of the servient estate is antagonistic to the right of ingress and egress over the right of way and is improper unless circumstances exist which make such obstructions reasonable. *Schaefer v. Burnstine* (1958), 13 Ill. 2d 464.

■■ Moreover, the owner of an easement has the right to remove an improper obstruction. *Schmidt v. Brown* (1907), 226 Ill. 590; *McEwan v. Baker* (1901), 98 Ill. App. 271.

■■ In this case, there is no evidence to indicate any necessity for a gate since the farm use was for crops and not livestock. Mere crop raising requires neither fences nor gates. For the trial court to further require the padlocking of an unnecessary gate is to compound an error. The gate and the padlocking of the gate, notwithstanding McCullough was offered keys, are a serious deprivation of McCullough's access. Friends, relatives, deliverymen, repairmen, mechanics, artisans, firemen and all callers are alike denied clear access.

■■ In addition to the gate and its padlocking, the evidence also disclosed that plaintiffs had changed the path of the easement by several feet toward more swampy ground. Defendant has both a right to restore the easement to its original path and to a hearing on the merits of his claim for damages for the moving of the easement path. It should not be concluded that defendant acquiesced in the movement of the easement merely because he didn't file an immediate suit for damages.

We conclude that the defendant-appellee proved his entitlement to a dissolution of plaintiff-appellant's temporary injunction and of his own right to an order enjoining plaintiffs from interfering with defendant's access to his property by the installation of a gate with or without a padlock. Defendant is further entitled to a hearing on the merits of his counterclaim and the issues therein raised. Accordingly, we reverse and remand for further proceedings in accordance with the views herein expressed.

SCOTT, J., concurs.

Mr. PRESIDING JUSTICE ALLOY, concurring in part and dissenting in part:

I concur in the majority opinion that the trial court improperly treated the motion bearing on removal of the injunction as a full-scale hearing on the merits of the injunction and the merits of the counterclaim. I agree that a reversal on this basis, with a remand for further proceeding on the initial complaint and counterclaim, would be justified.

I cannot, however, agree with the remainder of the opinion, apparently outlining a substantive basis for reversal. I do not believe that the trial court erred in failing to dissolve the injunction and in failing to enter an injunction for McCullough. As noted in the majority opinion, obstruc-

tions to access to an easement by an owner of a servient estate would be improper, unless circumstances exist which make such obstruction reasonable. It is clear that we have before us, in this case, basically, a factual question of reasonableness to be determined by the trial judge as the trier of fact. In this case, the evidence disclosed that there had been obstructions to access for many years. Initially, there were several wooden gates which were eventually destroyed. Thereafter, prior to the erection of the steel gate now in controversy, there was, for a number of years, a steel cable across the entrance to the easement roadway. The defendant apparently accepted the arrangement and did not dispute this evidence.

The steel gate in dispute now was put up some six or seven years prior to the time of hearing and was padlocked over that period at various times to protect the growing crops of plaintiff and because the gun club wanted the public kept out. McCullough acquiesced in the arrangement. A member of the gun club also testified that the club preferred the locked gate. Defendant was given keys to the padlock which could easily have been supplied to friends, relatives, deliverymen and others defendant desired to have access. Apparently, the parties got along in some manner for the past six or seven years with the gate and the padlock. It appears that the necessity of locking the gate and the past history of some obstruction was not contradicted in the record and would provide sufficient support for the trial court's conclusion that the gate and padlock were reasonable in the circumstances. It is noted that Judge DeDoncker said specifically that he thought a padlock was in the best interest of all the parties and that it protected the cropland and the people who were not parties, as well as defendant McCullough. Given the support in the record for the findings of the court, the decision on the removal of the temporary injunction and on McCullough's request for a counterinjunction appears to be appropriate.

On the question of restoration of the easement to its original path, I note that the defendant never made any objection about the position of the roadway until the present problem with the gate. According to most of the testimony presented, the current easement roadway is in much better condition than the prior roadway. It is still as wide as it was previously and it is now more passable than in the previous years, again according to most of the testimony. Since the trial judge is the finder of fact and, also, since he saw and heard the witnesses, it is difficult to disagree with the conclusion implicit in his judgment, that it was McCullough who was being unreasonable, if either party was unreasonable. The court determined that the evidence indicated that nothing illegal or improper was done by plaintiff.

In summary, I concur with a reversal based upon the procedural issue, but cannot support a reversal of the court's actions with respect to

the temporary injunction and McCullough's request for counterinjunction. As I have noted, those actions find ample support in the evidence before the trial judge.