THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Karol F. Jamrok and Joy K. Jamrok, Appellants,
v.
Emerson Rogers, Kathy Rogers, and John Lunn, Respondents.
 
 
 

Appeal From Florence County
Kevin M. Barth, Special Referee

Unpublished Opinion No. 2005-UP-543
Submitted September 1, 2005  Filed October 12, 2005

AFFIRMED

 
 
 
Louis D. Nettles, of Florence, for Appellants.  
Robert David McKissick, and S. Porter Stewart, II, both of Florence, for Respondents.
 
 
 

PER CURIAM:  Karol and Joy Jamrok appeal the special referees finding that the developer of a subdivision retained the right to grant another resident permission to construct a fence spanning the residents property and extending across the developers parcel into a pond.  We affirm.[1]
FACTS
The Jamroks and the Rogerses are neighboring property owners in a cul-de-sac of Village Green III subdivision.  Both lots abut a pond.  The Jamroks already owned their property when the Rogerses purchased the adjoining lot in 2001.  Prior to the Rogerses purchase, the previous owner of the lot had built a wrought iron fence extending along the western property line and continuing outward into the pond.  The subdivisions developer, John Lunn, granted permission for this encroachment pursuant to authority contained in the protective covenants.  The Rogerses obtained Lunns permission to place architectural fencing along the same route as the wrought iron fence erected by the previous owners.  The placement of the fencing prevents the Jamroks from being able to walk around the perimeter of the pond.  The Jamroks filed suit against the Rogerses seeking to have the fencing removed.  
STANDARD OF REVIEW
The Jamroks seek injunctive relief requiring the Rogerses to remove the fencing.  An action for injunctive relief is equitable in nature.  Miller v. Borg-Warner Acceptance Corp., 279 S.C. 90, 92, 302 S.E.2d 340, 341 (1983).  In an appeal of an equitable action tried before a master authorized to enter final judgment, this Court must review the entire record and make its own
findings of fact according to its view of the preponderance of the evidence.  This requirement does not, however, command us to ignore the findings of the trial judge . . . .  Thomas v. Mitchell, 287 S.C. 35, 37-38, 336 S.E.2d 154, 155 (Ct. App. 1985).
LAW/ANALYSIS

The Jamroks argue the special referees decision was in error because the Rogerses and Lunn did not have the right to build the fence so as to exclude them from a common area within the subdivision.  We disagree.
The Jamroks contend that the designation of the pond as Pond on the plat of the subdivision makes the pond and the surrounding shoreline common areas from which they cannot be excluded.  Assuming arguendo that the pond is a common area, the Jamroks have offered no evidence that they have been excluded from the waters of the pond.  Therefore, the only area in issue is the shoreline.  
A review of the plat for the subdivision shows the pond is designated as Pond, but the area of shoreline immediately adjacent thereto is not marked as common area.  See Hamilton v. CCM, Inc., 274 S.C. 152, 158, 263 S.E.2d 378, 381 (1980) (examining a subdivision plat for evidence of a dedicated open space).  Neither the Jamroks deed nor the Rogerses deed references any common areas, and an examination of the protective covenants of the subdivision reveals nothing designating the shoreline as common area.  See Newington Plantation Estates Assn. v. Newington Plantation Estates, 318 S.C. 362, 365, 458 S.E.2d 36, 38 (1995) (reviewing a property owners deed and the relevant restrictive covenants for evidence of easement).  Consequently, there is no evidence to support the Jamroks argument that the shoreline is a common area.  
It is important to note that while the shoreline is not a common area, it is also not the private property of the Jamroks or the Rogerses.  It is undisputed that the property lines of both the Jamroks and the Rogerses do not extend all the way to the pond.  The shoreline is still under the control of the developer, and its use is governed by the protective covenants of the subdivision.  Pursuant to those covenants, the developer retained the right to grant an easement of this type over the shoreline and into the water.[2]  Both the Rogerses and their predecessors sought and obtained permission to construct a fence.  We find no reason why the provisions of the restrictive covenants are not controlling.  
Therefore, we find the shoreline surrounding the pond is not a common area, and the developer was within his rights when he consented to the construction of the fencing.  Accordingly the findings of the special referee are
AFFIRMED.
HEARN, C.J., STILWELL, and KITTREDGE, JJ., concur.

[1]  
We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  
11.  No fences of any kind shall be built on or around any of said numbered lots without the written approval of John E. Lunn.