Connolly, Thomas E., J.

Introduction

The Zoning Board of Appeal of Boston (“Board”) granted defendants, Tim Burke and Debbie Burke (“Burkes”), three variances to renovate their property located at 7 Salem Street in Charlestown. The plaintiff, Judith Fitzgerald, a neighboring property owner, appealed the grant of these variances to this court, claiming that the Board had exceeded its authority under the Boston Zoning Enabling Act (“Act”). The Burkes have moved for summary judgment arguing that Fitzgerald does not have standing.[2] For the reasons set forth below, the Burkes’ motion for summary judgment will be ALLOWED.

Background

The undisputed facts as gleaned from the summary judgment record are summarized below. The Burkes own residential property in a densely-housed neighborhood in Charlestown. Presently, there is an abandoned 2 1/2-stoiy house on the lot, leaving unused a significant portion of the property. The Burkes want to demolish the existing structure and replace it with a 3-story house and an attached garage with a living space above it (“building plans” or “plans”). These building plans will utilize most of the unused area on the lot, leaving a small open space between the Burkes property and Ms. Fitzgerald’s home. The Burkes plan to use this property as their primary residence.
On August 4, 2004, the Burkes applied for a building permit with the City of Boston Inspectional Services (“ISD”) and after several filings and a public hearing in front of the Board where Ms. Fitzgerald spoke in opposition, the Board approved and granted *306 three variances needed for the building plans. In its findings, the Board found that variances were needed due to, among other things, “the exceptional narrowness, shallowness or shape of the lot, or exceptional topographical conditions thereof,” that there was “practical difficulty and demonstrable and substantial hardship,” and that the variances would be “in harmony with the general purpose and intent of the Code” and not “injurious to the neighborhood or otherwise detrimental to the public welfare.” The Board approved the variances on June 28, 2005 and on July 20, 2005, filed its decision with the ISD. The Burkes also applied for a “curb cut for off street parking” on March 30, 2005, and were granted the request outside of the Board proceedings.
Ms. Fitzgerald complains that the building plans will significantly reduce her already abbreviated view of Salem Street, as well as her light and air. She opposes the Burkes cutting down a tree that straddles her and the Burke properly. She complains that the construction of the garage structure will negatively impact the value of her property, and to that end, she has submitted an affidavit from a real estate appraiser suggesting that the market value of her property will decrease between 5 to 10%. She notes that the building plans show windows in violation of the State Building Code (“Code”), and there are questions whether the plans comply with “lot size, open space, and floor area ratio requirements.” She points out that the Charlestown Preservation Design Review Committee has objected to the building plans as not reflecting, “design review requirements 62-24 2a, c, d, g, h, and j.” Finally, she objects that she was not notified of the curb cut granted to the Burkes, and such a curb cut will make walking more dangerous for her.

Discussion Standing

For a person to seek judicial review of a zoning decision, the person must qualify as a “person aggrieved.” G.L.c. 40A, §17. A “person aggrieved" is someone who suffers some infringement of their legal rights. Marashlian v. Zoning Board Of Appeals of Newburyport, 421 Mass. 719, 721 (1996). While the words “person aggrieved” should not be read narrowly, the injury to the person should be more than speculative. Id. A person that is directly abutting the locus is rebuttably presumed to be a “person aggrieved.” Id.
If a defendant challenges, and offers evidence to challenge the standing of a plaintiff as a “person aggrieved,” the question of whether the plaintiff has standing as a “person aggrieved” is decided on all the evidence with no benefit to the plaintiff from the presumption. Barvenik v. Board of Aldermen of Newton, 33 Mass.App.Ct. 129, 131-32 (1992). The plaintiff has the burden of proof and has to put forth credible evidence to substantiate the allegations. Id. In Barvenik, the court explained,
To qualify for that limited class, a plaintiff must establish - by direct facts and not by speculative personal opinion - that his injury is special and different from the concerns of the rest of the community . . . Subjective and unspecific fears about the possible impairment of aesthetics or neighborhood appearance, incompatible architectural styles, the diminishment of close neighborhood feeling, or the loss of open or natural space are all considered insufficient bases for aggrievement under Massachusetts law.
Id. at 132-33. This is a question of fact for the trial judge. Marashlian v. Zoning Board of Appeals of Newburyportat 721. See also Butler v. City of Waltham, 63 Mass.App.Ct. 435, 441 (2005) (“Credible evidence has both a quantitative and qualitative component . . . Quantitatively, the evidence must provide specific factual support for each of the claims of particularized injury the plaintiff has made. Qualitatively, the evidence must be of a type on which a reasonable person could rely to conclude that the claimed injury likely will flow from the board’s action”) (citations omitted).
Ms. Fitzgerald has not met her burden of proof in this case. Her complaints regarding the Burkes’ building plans sound more in speculative personal opinions, than in direct fact. Ms. Fitzgerald’s concerns about the availability of her light, air, and view are the types of subjective “aesthetic sensibilities]” that are insufficient to sustain standing. See Sheehan v. Zoning Board of Appeals of Plymouth, 65 Mass.App.Ct. 52, 55 (2005); Barvenik v. Board of Alderman of Newton at 129, 134-35; Harvard Square Defense v. Planning Bd., Cambridge, 27 Mass.App.Ct. 491, 493 (1989). See also Nigro v. Jones, 332 Mass. 741, 744 (reduced access to light and air did not confer standing). She lives in a densely-housed neighborhood where many of her neighbors have the same access to light, air, and view that Ms. Fitzergerald finds unbearable. A broader view of Salem Street, especially where the view does not have any special characteristics, more direct light and air, are not the types of angst necessary to impart standing. Similarly, her concern about the cutting of a tree on the Burke property is not a credible basis for standing.
It is unclear how the construction of a driveway (curb cut) will endanger the safety of Ms. Fitzergerald, a 36-year-old woman, and the public at large, and again, this is not a qualitatively credible basis for standing.
Also, general interests in enforcing zoning laws are not sufficient to impart standing. Ms. Fitzgerald’s objections to the Burkes’ placement of windows, and general concerns about the building plans not complying with ambiguous, design review requirements of the Charlestown Preservation Design Review Committee do not confer standing. See Denneny v. Zoning Board of Appeals of Seekonk, 59 Mass.App.Ct. 208, 214-15 (2003) (“Oversight of a municipality’s zoning *307 policies is the responsibility of duly authorized municipal officials; it is not a task for private attorneys general who do not themselves have a cognizable legal interest affected by the zoning action”).
Finally, she complains that the proposed garage structure will diminish the value of her property. In a recent opinion issued on June 16, 2006, the Supreme Judicial Court clarified that, “[a] claim of diminution of property values must be derivative of or related to cognizable interests protected by the applicable zoning scheme.” Standerwick v. Zoning Bd. of Appeal of Andover, 447 Mass. 20 (2006). Here, Ms. Fitzgerald has not articulated a cognizable interest that relates to the diminution of her property value. Her submitted affidavit explains that the construction of the garage structure will “obstruct her primary source of circulating air, light, and view,” that will, in turn, diminish the value of her property. As discussed above, reduced access to light, air, and view is not a cognizable basis for standing. Ms. Fitzgerald has not pointed to another protected legal interest in her pleadings. Cf. Standerwick v. Zoning Bd. of Appeal of Andover (explaining that there was a cognizable interest in Tsagronis v. Bd. of Appeals of Wareham, the diminution in value of their property, “related to a cognizable interest protected by the applicable zoning law — the interest in preserving a certain level of density in the zoning district — that conferred standing on them”) (citing Tsagronis at 33 Mass.App.Ct. 55, 58-59 (1992)).
In a summary judgment context, the moving party (here, the defendant) does not need to come forward with affirmative evidence that refutes a plaintiffs basis for standing. Id. Instead, the defendant can “demonstrate! ), by reference to material described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving a legally cognizable injury.” (Citing Kourouvacilis v. General Motor Corp, 410 Mass 706, 716) (quotations omitted). Here, Ms. Fitzgerald has no reasonable expectation of proving a legally cognizable injury or harm.

ORDER

For the reasons stated above, the defendants, Tim Burke and Debbie Burke’s, motion for summary judgment is ALLOWED.

The Burkes have moved to dismiss this complaint or, in the alternative, for summary judgment. This court will treat this motion as one for summary judgment. Wrightson v. Spaulding, 20 Mass.App.Ct. 70, 71-72 (1985) (a judge can treat a motion to dismiss as one for summary judgment). Ms. Fitzgerald and the Burkes have filed affidavits for summary judgment purposes.