**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Woodruff Road SC, LLC, Appellant,

v.

SC Greenville Hwy 146, LLC, Respondent.

Appellate Case No. 2015-000107

---

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-002
Heard November 17, 2016 – Filed January 4, 2017

---

**AFFIRMED**

---

Robert L. Widener, of McNair Law Firm, PA, of Columbia; and Bernie W. Ellis, of McNair Law Firm, PA, of Greenville, for Appellant.

James H. Cassidy and Joseph Owen Smith, both of Roe Cassidy Coates & Price, PA, of Greenville, for Respondent.

---

**PER CURIAM:** Woodruff Road SC, LLC (Appellant), owner of commercial property identified as Tract B, brought a declaratory judgment action to determine

the scope of an easement granted to the owners of property identified as Tract A. The current owner of Tract A is SC Greenville Hwy 146, LLC (Respondent). The circuit court determined Respondent could utilize the easement as part of a drive-thru for one of its tenants. We affirm.

1.      We find the language of the easement permits Respondent to operate a portion of a drive-thru window within the easement that indicates Tracts A and B shall have a right of way in common for ingress and egress. *See Clemson Univ. v. First Provident Corp.,* 260 S.C. 640, 650, 197 S.E.2d 914, 919 (1973) ("[T]he owner of the easement cannot materially increase the burden of the servient estate or impose thereon a new and additional burden." (quoting 25 Am.Jur.2d Easements and Licenses § 72)); *Ingress*, Black's Law Dictionary (10th ed. 2014) (defining ingress as "the act of entering" or "the right or ability to enter; access"); *Egress*, Black's Law Dictionary (10th ed. 2014) (defining egress as "the act of going out of leaving" or "the right or ability to leave; a way of exit"); *Ballington v. Paxton*, 327 S.C. 372, 379, 488 S.E.2d 882, 886 (Ct. App. 1997) ("A 'right of way' means what those words imply; it does not mean a way always open; it does not mean a way without any obstruction. . . . The right reserved, is to pass and repass; and in the absence of express language, that means to pass and repass in a reasonable manner." (quoting *Watson v. Hoke*, 73 S.C. 361, 362, 535 S.E. 537, 537, (1906)). Because the record demonstrates invitees to Tract A enter the easement, pause to place their order, and then exit the easement, their activity falls within the meaning of ingress and egress and does not create a new burden on Appellant. Additionally, the record reflects Tract B invitees are currently able to enter and exit the easement in a reasonable manner, and therefore, Appellant's right to a common right of way for ingress and egress, as reserved by the language in the grant of the easement, is not impaired.[1]

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] Based on our determination above, we need not address the remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding the appellate court need not address remaining issue when disposition of prior issue is dispositive).