**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mountain View Pointe Owners Association, Inc.; Jane P. Hale; L. Shepard Hamrick, Jr.; Martha Hamrick; Matthew Williams; Sue Williams; Barry Noffze; Ruth Noffze; Michael Dorsey; Monica Dorsey; Jack J. Dorsey; Lucinda Dorsey; Kai Evensen; Lynn Elliot Amos, as Trustee of the Lynn Elliot Amos Qualified Personal Residence Trust; Lynn Keith Amos, as Trustee of the Lynn Keith Amos Qualified Personal Residence Trust; Charlene Finucan; John Prescott, Jr.; Elizabeth Prescott; Steven Trojan; Dottie Trojan; Leonard J. Stoecklein; Patricia Stoecklein; Dale Hill; Rebecca Hill; Larry Kuykendall, as Trustee of the Larry Kuykendall Revocable Trust; Larry Kuykendall as Trustee of the Elle Kuykendall Revocable Trust; Thomas McCaw; Roberta McCaw; Robert Albergotti; Elaine Albergotti; Frank Patterson; Frances Patterson; Brian Fox, and Jennifer Fox, Respondents,

v.

Rodney Halsell; Barbara Halsell; Graham R. Piper; Christine A. Piper, Michael Newton; Angela Newton; Gary Hutchinson; Daniel Horner; Lonnie Harper; Elianor Harper; Christopher Tam; Amie Kerley; Karan Sandhu; and Gloria Sandhu, Defendants,

Of Whom Rodney Halsell and Barbara Halsell are Appellants.

Appellate Case No. 2023-000918

———————

Unpublished Opinion No. 2026-UP-014
Heard October 6, 2025 – Filed January 14, 2026
Withdrawn, Substituted, and Refiled May 13, 2026

**AFFIRMED**

Sarah P. Spruill, of Haynsworth Sinkler Boyd, P.A., of
Greenville; and Richard Hunt McDuff, of Merrell &
McDuff, of Seneca; all for Appellants.

John S. Nichols, of Bluestein Thompson Sullivan, LLC,
of Columbia; for Respondents

**PER CURIAM**:  Appellants Rodney and Barbara Halsell constructed a driveway
over Respondent Mountain View Pointe Owners' Association's (POA) landscape
easement.  Appellants argue the master-in-equity erred in his interpretation of the
landscape easement and in finding Appellants' driveway constituted a nuisance.
We affirm.

1.  Appellants argue the master's landscape easement interpretation was too broad
and failed to properly balance the interests of the parties.  We disagree.  The court
finds that the easement is clearly defined and grants the POA the right to landscape
within the easement area.  Therefore, we hold the master did not err in holding the
easement vests the POA with the right to solely manage and control the
beautification, vegetation, landscaping, soil disturbance, and grading in the
landscape easement area.  *See Jacobs v. Serv. Merch. Co., Inc.*, 297 S.C. 123, 130,
375 S.E.2d 1, 5 (Ct. App. 1988) ("Easements restricting the use of property must
be created in express terms or by plain and unmistakable implication."); *S.C. Pub.
Serv. Auth. v. Ocean Forest, Inc.*, 275 S.C. 552, 554, 273 S.E.2d 773, 774 (1981)
("Clear and unambiguous language in grants of [an] easement must be construed
according to terms which parties have used, taken, and understood in [the] plain,

ordinary, and popular sense."); *Windham v. Riddle*, 381 S.C. 192, 201, 672 S.E.2d 578, 582 (2009) (finding the drafter's intention controls "unless that intention contravenes some well settled rule of law or public policy"). The master properly balanced the interests of the parties and granted the POA "rights incident or necessary to its proper enjoyment, but nothing more." *Clemson Univ. v. First Provident Corp.*, 260 S.C. 640, 650, 197 S.E.2d 914, 919 (1973); *see also Rhett v. Gray*, 401 S.C. 478, 493-94, 736 S.E.2d 873, 881 (Ct. App. 2012) ("Although to the extent of the easement, the rights of the easement owner are paramount to those of the landowner, the easement owner's rights are not absolute but are limited, so the owners of the easement and the servient tenement may have reasonable enjoyment."). We recognize that the POA's exclusive right to landscape the easement area necessarily results in a significant restriction on Appellants' use of the easement area. Appellants were, however, on notice of the existence of the easement prior to purchasing the property. *See Harbison Cmty. Ass'n, Inc. v. Mueller*, 319 S.C. 99, 103, 459 S.E.2d 860, 863 (Ct. App. 1995) (citations omitted) ("A covenant is enforceable against a subsequent grantee, even if not in the grantee's deed, if the grantee has actual or constructive notice of the covenant. A homeowner is charged with constructive notice of any restriction properly recorded within the chain of title."). Appellants constructed the driveway with knowledge that it was hostile to the easement and would destroy the existing landscaping. We find no error.

2. Appellants' argument that because the easement is "non-exclusive," they should have equal rights to the easement area is unpersuasive. The master's order does not preclude Appellants from using the easement property, only from using it in a way that interferes with the POA's full use and enjoyment of the landscape easement. If Appellants' "equal use" of the easement area destroys the landscaping, that use renders the POA's easement useless and defeats the purpose of the easement. Mountain View Pointe's recorded covenants and plats clearly define the easement area, and Appellants' driveway destroyed the existing landscaping as well as the POA's ability to landscape over the paved portion in the future. *See Xanadu Horizontal Prop. Regime v. Ocean Walk Horizontal Prop. Regime,* 306 S.C. 170, 172, 410 S.E.2d 580, 582 (Ct. App. 1991) (citing *Onorati v. O'Donnell*, 326 N.E. 2d 367 (Mass. App. Ct. 1975)) (finding that Defendant could not construct a driveway over Plaintiff's ingress and egress easement because "where a description of an easement is clear, explicit and free from ambiguity, it is inappropriate to restrict . . . use to less than the full [easement area] granted").

3. We find Appellants' driveway was not necessary to the enjoyment of their land. In *Thomas v. Mitchell*, the court found that a servient estate's placement of a locked

cable over an easement area was necessary to the servient estate's use and enjoyment of their property because it did not impose an unreasonable burden on the dominant estate. 287 S.C. 35, 39, 336 S.E.2d 154, 156 (1985). The dominant estate held "a [f]ifty (50) foot easement for an access road." *Id.* at 37, 336 S.E.2d at 155. The owner of the servient estate built a hunting and fishing lodge and "a road within the easement from the terminus of the public road to his property." *Id.* Trespassers began entering the servient estate's lot and, to remedy that problem, the servient estate placed "a cable across the easement near its entrance to the public road" and gave the dominant estate keys to unlock the cable. *Id.* The servient estate was later transferred to another owner who added a second cable across the easement area. *Id.* The dominant estate owner brought an action against the servient estate to enjoin them from obstructing the easement. *Id.* The court held that "the locked cable is necessary for the [servient estate's] efficient use of their land and does not impose an unreasonable burden upon [the dominant estate's] use of the easement." *Id.* at 39, 336 S.E.2d at 156. In addition, the court found that "only minimal inconvenience will be suffered by [the dominant estate] having to unlock and open one more gate before entering his property." *Id.*

Unlike *Thomas*, the driveway was not necessary for Appellants' efficient use of the land. Appellants' property abuts Doug Hollow Road, and Appellants can access their property by constructing their driveway to intersect this public road. Furthermore, Appellants were able to purchase the property at a reduced price in consideration of having to build a longer driveway to Doug Hollow Road. We find that Appellants' destruction of the landscape easement in this case stands in stark contrast to the "minimal burden" the court approved in *Thomas*.

4. Appellants argue the master erred in finding their driveway constituted a nuisance. We disagree. *See Silvester v. Spring Valley Country Club*, 344 S.C. 280, 286, 543 S.E.2d 563, 566 (Ct. App. 2001) ("The traditional concept of a nuisance requires a landowner to demonstrate that the defendant unreasonably interfered with his ownership or possession of the land."); *Id.* ("[N]uisance is a substantial and unreasonable interference with the plaintiff's use and enjoyment of his property."); Restatement (Second) of Torts § 821E (1979) (finding a party "can maintain an action . . . only when the particular use or enjoyment of the land to which his easement or profit entitles him is interfered with"). We find that Appellants substantially and unreasonably interfered with the POA's specific use and enjoyment of its landscape easement. Appellants were on notice of the easement, knew the POA denied their request to build the driveway, and completed construction of the driveway over the POA's objection during litigation.

Appellants argue that the POA's easement rights do not constitute exclusive possession of the non-exclusive landscape easement.  We disagree.  *See* 58 Am. Jur. 2d Nuisances § 192 (finding "owners of easements" may bring an action for private nuisance).  We find the POA's easement rights allow them to bring an action for nuisance and that the POA does not need to maintain exclusive possession of the property to bring a nuisance claim.  *See Brooks v. Council of Co-Owners of Stones Throw Horizontal Prop. Regime I*, 315 S.C. 474, 477, 445 S.E.2d 630, 632 (1994) (holding "any person who has a sufficient interest in the land may bring a nuisance action.").

**AFFIRMED.**

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**